IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUIS J. SALGADO | : | CIVIL ACTION |
| | : | |
| v. | : | NO.  06-3119 |
| | : | |
| MICHAEL J. ASTRUE,[1] | : | |
| Commissioner of Social Security | : | |

**MEMORANDUM**

LOWELL A. REED, Jr., Sr. J                                                                 AUGUST 13, 2007

      Before the court for consideration is plaintiff's brief and statement of issues in support of request for review[2] (Doc. No. 7) and the response and reply thereto (Docs. No. 8; 10).  The court makes the following findings and conclusions:

      1.      On September 26, 2003, Luis J. Salgado ("Salgado") protectively filed for disabled adult child's benefits ("DAC") and supplemental security income ("SSI") under Titles II and XVI, respectively, of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f, alleging an onset date of April 15, 2003.[3]  (Tr. 54-56; 71-72; 160-62).  Throughout the administrative process, including an administrative hearing held on May 19, 2004, before an administrative law judge ("ALJ"), Salgado's claims were denied.  (Tr. 5-7; 12-24; 37; 38-41; 167-71).  Pursuant to 42 U.S.C. § 405(g), Salgado filed his complaint in this court on July 17, 2006.

      2.      In her decision, the ALJ concluded that Salgado' adjustment disorder constituted a severe impairment.  (Tr. 17 ¶ 1; 23 Finding 2).[4]  Ultimately, the ALJ concluded that Salgado's impairment did not meet or equal a listing, that he had the residual functional capacity ("RFC") to perform all levels of work, but was limited to simple repetitive tasks with a one or two reasoning level, and that he was not disabled.  (Tr. 19 ¶ 4; 21 ¶ 5; 23 ¶ 1; 23 Findings 3, 5, 10).

      3.      The Court has plenary review of legal issues, but reviews the ALJ's factual findings to determine whether they are supported by substantial evidence.  Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d. Cir. 1999) (citing 42 U.S.C. § 405(g)).  Substantial evidence is "such

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security.  Pursuant to Federal Rule of Civil Procedure 25(d)(1), Michael J. Astrue has been substituted for former Commissioner Jo Anne Barnhart as the defendant in this lawsuit.

[2] The procedural order in this case does not provide for the additional motion filed by plaintiff, so the motion will be construed as part of plaintiff's brief. (Doc. No. 2).

[3] Salgado received SSI as a minor, however, the SSI was terminated when he was found to no longer be disabled effective March 1, 1998.  (Tr. 15).

[4] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979).  It is more than a mere scintilla but may be less than a preponderance.  See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).  If the conclusion of the ALJ is supported by substantial evidence, this court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently.  Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see 42 U.S.C. § 405(g).

        4.     Salgado raises six arguments in which he alleges that the determinations by the ALJ were either not supported by substantial evidence or were legally erroneous.  Because the ALJ did not apply the proper legal standards and because her determination is not supported by substantial evidence, I must remand to allow the Commissioner to conduct the proper analysis.

        A.     Salgado argues that the case should be remanded because the ALJ erred in ignoring and/or improperly rejecting evidence in the record, including the assessed GAF scores of 50. "The ALJ must consider all the evidence and give some reason for discounting the evidence she rejects." Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999).  Courts in the Eastern District of Pennsylvania have repeatedly noted that GAF scores constitute medical evidence that is accepted and relied on by physicians, and that where an ALJ fails to explain why the scores have been discounted, a remand is necessary.  See, e.g.  Robleto v. Barnhart, No. 05-4843, 2006 WL 2818431, at *8 (E.D. Pa. Sept. 28, 2006); Dougherty v. Barnhart, No. 05-5383, 2006 WL 2433792, at *9-10 (E.D. Pa. Aug. 21, 2006); Colon v. Barnhart, 424 F. Supp. 2d 805, 813-14 (E.D. Pa. 2006); Span ex rel. R.C. v. Barnhart, No. 02-7399, 2004 WL 1535768, at *6 (E.D. Pa. May 21, 2004); Escardille v. Barnhart, No. 02-2930, 2003 WL 21499999, at *6-7 (E.D. Pa. June 24, 2003).  During the course of a clinical psychological disability evaluation on November 26, 2003, Loren Laviolette, Ed.D. ("Dr Laviolette") assessed Salgado with a GAF score of 50, and on December 2, 2003, Lorinda Berger, DO ("Dr. Berger") determined Salgado had a GAF score of 50 and stated that was the highest GAF score Salgado had had in the past year.  (Tr. 91; 136).  Dr. Berger also, at least signed off on, an assessed GAF score of 50 for Salgado on April 2, 2004. (Tr. 113-16).  A GAF score of 41-50 indicates "serious symptoms (e.g. suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g. no friends, unable to keep a job)." American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, at 32, 34 (4th ed. 2000).  Despite the severity of the assessed GAF scores, the ALJ never explained her basis for rejecting them.

        Additionally, although the ALJ noted that Salgado's treating psychiatrist and treating therapist determined that Salgado was seriously impaired and met Listing 12.04, the ALJ rejected these determinations as administrative findings that are not required to be given special significance and as findings that were "totally unsupported by the records of the claimant's treatment." (Tr. 18 ¶ 1; 146).  The court notes that the only two other doctors evaluated Salgado's impairment.  One of which was a state agency doctor who found on December 16, 2003, that Salgado's impairment was not severe, whose opinion the ALJ rejected because she stated evidence subsequent to the state agency doctor's evaluation indicated Salgado had "at least some moderate limitations." (Tr. 21 ¶ 2; 95; 102-05). The only other doctor who provided a related opinion was a consulting psychologist who found Salgado met four different listings, but the ALJ rejected his opinion since the consulting psychologist considered evidence outside of the relevant time period and the ALJ found his determination was not consistent with the record.  (Tr. 18 ¶ 2; 148-50).  The ALJ is correct in noting that whether or not a claimant meets a listing is a determination reserved for the Commissioner, however "[m]any of the criteria in the listings

relate to the nature and severity of impairments; e.g., diagnosis, prognosis and, for those listings that include such criteria, symptoms and functional limitations." SSR 96-5p, at *3.  Those medical opinions relating to the nature and severity of Salgado's impairments are entitled to special significance.  Id. at *2.  Since there is no question, as the ALJ noted, that there are inconsistencies in the record, and the bases for the findings of Salgado's treating psychiatrist and therapist are not clear from the record, the ALJ should have made every reasonable effort to recontact these treating sources for clarification.  Id. at *6; (Tr. 20 ¶¶ 1-7).  Since the ALJ failed to properly explain her rejection of the medical evidence regarding the severity of Salgado's impairment, the case must be remanded for the ALJ obtain clarification of the medical opinions of Salgado's treating psychiatrist and therapist and to properly evaluate the medical evidence.

     B.  The above analysis demonstrates that the ALJ failed to fully consider the record before her, and thus, the court will not make a ruling on Salgado's remaining arguments regarding the ALJ improperly ignoring other relevant medical evidence[5] or failing to include all of the necessary impairments in the hypothetical.  The ALJ is directed to reevaluate those issues once she has fully examined the record in accordance with the proper procedures and legal standards.  However, the court will address one of Salgado's arguments as it is clearly without merit.

     C.  Salgado argues that the Appeals Council's failure to address his brief was an abuse of discretion, and the Commissioner erred in excluding his letter brief from the record.  As the Third Circuit held when Salgado's counsel previously raised this argument, pursuant to 42 U.S.C. § 405(g), federal courts only have statutory authority to review the final decision of the Commissioner, which in this case, is the ALJ's decision.  Mays v. Barnhart, 78 Fed. Appx. 808, 814 (3d Cir. 2003) (citing Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001)).  Additionally, federal courts do not have the statutory authority to review the Appeals Council's decision to deny review.  Id. (citing Matthews, 239 F.3d at 594).  As for the Commissioner's decision to not include the letter brief in the transcript, 42 U.S.C. § 405(g) provides that the transcript only needs to include "the evidence upon which the findings and decision complained of are based."  Since the letter brief was not considered by the ALJ, there was no requirement that the Commissioner include it in the record.  Id.

    5.  Therefore, this case must be remanded in order for the ALJ to supplement her decision in a manner consistent with this opinion.

    An appropriate Order follows.

---

[5] However, this court notes that some of the evidence Salgado complained about the ALJ not addressing were school records and medical evidence dated prior to the determination that Salgado was no longer disabled on March 1, 1998 and his alleged onset of April 15, 2003.  Since this evidence was not properly before the ALJ, the ALJ was correct in not considering and addressing it.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUIS J. SALGADO | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 06-3119 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

## ORDER

AND NOW, this 13th day of August, 2007, upon consideration of the brief in support of review filed by plaintiff and response and reply thereto (Doc. Nos. 7; 8; 10) and having found after careful and independent consideration of the record that the Commissioner did not apply the correct legal standards and that the record does not contain substantial evidence to support the ALJ's findings of fact and conclusions of law, it is concluded that the action must be remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g).  Therefore, for the reasons set forth in the memorandum above, it is hereby **ORDERED** that:

1. **JUDGMENT IS ENTERED IN FAVOR OF THE PLAINTIFF, REVERSING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY** for the purposes of this remand only and the relief sought by Plaintiff is **GRANTED** to the extent that the matter is **REMANDED** for further proceedings consistent with this adjudication; and

2. The Clerk of Court is hereby directed to mark this case closed.

S/Lowell A. Reed, Jr.
LOWELL A. REED, JR., Sr. J.
